[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Milford, Connecticut on June 8, 1985. They have resided continuously in this state since the date of their marriage. There are two children issue of the marriage: Marc Robert Raynor, born December 7, 1986; and Steven Schempp Raynor, born February 28, 1990.
The evidence presented at trial has clearly established the plaintiff's allegation that the marriage has irretrievably broken down. Judgment may enter on the plaintiff's complaint dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84
of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately ten years. No useful purpose would be served by reviewing the evidence presented in this matter. The court is of the opinion that the marriage had broken down irretrievably some time before plaintiff began seeing a mutual friend who had lost his wife due to cancer. CT Page 8189 Unfortunately, both parties were unable to resolve their marital difficulties. The court has attempted to fashion financial orders in an equitable manner. The court declines to assess fault to either party for the breakdown of the marital relationship.
I. CUSTODY AND VISITATION
 A. There shall be joint legal custody of the two minor children, the physical residence of the children to be with the wife.
 B. The defendant husband shall be entitled to reasonable, liberal and flexible visitation with the minor children. The husband and wife shall work out between themselves equal sharing of vacation times, holidays and birthdays. If the parties cannot agree, then either party may petition the Superior Court for guidance and a determination of the issue.
 Husband shall have the right to daily telephone contact with the children. Telephone contact shall be at reasonable hours and times. The wife shall have the right to reasonable telephone contact when the husband has the children.
II. ALIMONY
Defendant shall pay to plaintiff the sum of $75 each and every week, payable on Friday of each week, commencing August 4, 1995. Said alimony payments to continue for a period of ten years, or until the death or remarriage of the wife, or until the death of the defendant, whichever is first to occur.
III. CHILD SUPPORT
Commencing August 4, 1995, the defendant shall pay to the plaintiff as child support the sum of $83.50 per week for each of the two minor children, said payment totalling $167 per week, and continuing until each child reaches the age of 19 or completes the twelfth grade, as set forth in Conn. General Statutes § 46b-84, or such child's emancipation or death.
IV. REAL ESTATE
A. The marital residence, currently in the name of the CT Page 8190 defendant, located at 58 Coolridge Road, Milford, Connecticut, and having an agreed equity of approximately $30,000, is to be conveyed to the plaintiff by the defendant, transferring all of his right, title and interest in and to the marital residence. The plaintiff shall be responsible for the mortgage, taxes and insurance from the date of transfer and shall hold the defendant harmless therefrom.
 B. Contemporaneous with said transfer, plaintiff shall execute a promissory note and mortgage deed to the defendant in the amount of $17,500, without interest, which note and mortgage shall be payable in full upon the sale of the real estate by plaintiff, her remarriage, or when the younger child reaches his nineteenth birthday, whichever is first to occur.
 C. Said mortgage shall be subordinated to any secondary financing undertaken by the plaintiff, provided the defendant's equity position is not reduced or compromised.
 D. The defendant shall prepare the appropriate note and mortgage deed.
 E. In the event the note is not paid as ordered above, the defendant shall be entitled to interest at the rate of 6% per annum from the date of maturity to the date of payment.
 F. The court shall retain jurisdiction over any disputes concerning this matter.
V. PERSONAL PROPERTY
 A. The wife shall retain all childrens' furniture, furnishing and playthings, including bicycles, Nintendo game, video/movie tapes and childrens' clothing.
 B. The balance of the furniture and furnishings shall be divided between the parties in accord with their agreement. If the parties cannot agree as to division of the furniture and furnishings, they or either of them is directed to seek mediation with the Family Relations Division of the Superior Court at Milford. If such CT Page 8191 mediation is unsuccessful, either party may return to court for an order of division of said items.
VI. OTHER PROPERTY
 A. The defendant is to turn over to the plaintiff, to be placed in her name as custodial parent, any bankbooks presently held by defendant for the benefit of the minor children of the marriage, Marc and Steven.
 B. Defendant is to execute a QDRO awarding plaintiff 40% of the Mutual Benefit Life deferred compensation plan's present value, reflected in the defendant's Financial Affidavit to have a value of $32,561.38.
 C. The defendant shall execute a QDRO awarding to plaintiff and for plaintiff's account 40% of his Pension Manor Bridgeport Diocesan deferred compensation plan, present value, reflected in his Financial Affidavit to have a value of $19,626.56.
 D. Defendant is to execute a QDRO awarding plaintiff and for plaintiff's account 40% of his Mutual of America deferred compensation plan's present value, reflected in his Financial Affidavit to have a value of $5,208.33.
 E. The defendant is to transfer to plaintiff 40% of his Strip bonds account held by People's Security and reflected in his Financial Affidavit to have a value of $3,541; and 50% of the United States EE bonds in his name reflected in his Financial Affidavit to have a value of $800.
VII. MEDICAL COVERAGE
 A. The defendant shall maintain such medical and dental health insurance coverage as is available at his place of employment for the benefit of the minor children.
 B. All unreimbursed medical, dental, orthodontic and prescription eyeglass expenses shall be shared equally by the parties, each being responsible for 50% of said expenses.
C. The plaintiff shall be entitled to COBRA benefits, at her CT Page 8192 expense, as are available through the defendant's employment for a period of two years.
VIII. LIFE INSURANCE
The defendant's present life insurance is to be maintained by him with the plaintiff and the minor children noted as beneficiaries thereon for so long as the defendant has an obligation for alimony and/or child support. This provision shall be modifiable.
IX. EXEMPTIONS
Plaintiff and defendant shall each have the right to claim the minor children as a tax exemption in alternate years; the defendant shall claim the children for the 1995 tax year and the plaintiff for 1996. Defendant's right to claim the children, however, will depend upon his being current with all child support payments as of December 31 of the year in which he seeks such exemption.
X. COUNSEL FEES
The defendant shall pay to the plaintiff as a contribution toward her counsel fees the sum of $1200, payable within 90 days of date.
If he has not already done so, defendant is ordered to vacate the marital home within one week of date herein.
Skolnick, J.